## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| ANITA BRYANT, on behalf of herself and all other similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>REALOGY GROUP LLC,<br><br>　　　　Defendant. | :<br>:<br>:　Case No.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Realogy Group LLC ("Realogy"), by its undersigned counsel, hereby answers the Complaint of Plaintiff Anita Bryant ("Bryant") and interposes its affirmative and other defenses as follows:

### PRELIMINARY STATEMENT

1.　Admitted in part and denied in part.  It is admitted that Realogy offers real estate and related services through its subsidiary companies.  The remaining averments in this paragraph are denied.

2.　Denied.

3.　This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

4.　Denied.  Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case.[1]

---

[1] Plaintiff was not an employee of Realogy Group LLC.

5. Denied. Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portions of this paragraph contain legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portions of this paragraph on that basis.

6. Denied. Realogy denies that it failed to follow the FCRA. The remaining portions of this paragraph contain legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portions of this paragraph on that basis.

7. Realogy admits that Plaintiff purports to assert causes of action under the Fair Credit Reporting Act ("FCRA"). Realogy denies that Plaintiff's claims have any merit, denies that class certification would be appropriate, and denies that Plaintiff and the putative class are entitled to any relief whatsoever.

8. Realogy admits that Plaintiff purports to assert a FCRA claim on behalf of a putative class which she calls the "Background Check Class." Realogy denies that Plaintiff's claims have any merit, denies that class certification would be appropriate, and denies that Plaintiff and the putative class are entitled to any relief whatsoever.

9. Realogy admits that Plaintiff purports to assert a FCRA claim on behalf of a putative class and seeks statutory damages, costs and attorneys' fees and equitable relief. Realogy denies that Plaintiff's claims have any merit, denies that class certification would be appropriate, and denies that Plaintiff and the putative class are entitled to any relief whatsoever.

**PARTIES**

10. Realogy denies that it ever employed Plaintiff. Realogy is without knowledge or information sufficient to form a belief as to where Plaintiff resides, and therefore, that averment in paragraph 10 is denied. The remaining portion of this paragraph contains legal conclusions to

which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

11. Realogy admits that it is a limited liability company. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

## JURISDICTION AND VENUE

12. Realogy admits that Plaintiff seeks damages in excess of $15,000 for alleged violations of the FCRA. Realogy denies that Plaintiff's claims have any merit, denies that class certification would be appropriate, and denies that Plaintiff and the putative class are entitled to any relief whatsoever.

13. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

14. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

15. Denied.

16. Denied.

17. Denied.

18. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

19. Denied. Realogy denies that it failed to follow the FCRA.

20. Denied. Realogy denies that it failed to follow the FCRA. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

21. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

22. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

23. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

24. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

25. Denied. Realogy denies that it failed to follow the FCRA. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

26. Denied. Realogy denies that it either willfully or recklessly failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

27. Denied. Realogy denies that it either willfully or recklessly failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

28. Denied. Realogy denies that it either willfully or recklessly failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

## ALLEGATIONS SPECIFIC TO THE PLAINTIFF

29. Denied.

30. Admitted that Plaintiff signed an authorization on September 25, 2016. The remaining portions of this paragraph are denied to the extent not admitted.

31. Denied as stated. This paragraph further contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

32. Denied.

33. Denied. Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

34. Realogy is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 34 concerning the Plaintiff's state of mind when she was reviewing, signing and consenting to the FCRA disclosure, and, therefore, they are deemed denied. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

35. Realogy is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 35, and, therefore, they are deemed denied.

36. Realogy is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 36, and, therefore, they are deemed denied.

37. Realogy is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 37, and, therefore, they are deemed denied.

38. Denied. Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case.

39. Denied. Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case.

## CLASS ACTION ALLEGATIONS

40. Realogy admits that Plaintiff purports to assert a FCRA claim on behalf of a putative class which she calls the "Background Check Class." Realogy denies that Plaintiff's claims have any merit, denies that class certification would be appropriate, and denies that Plaintiff and the putative class are entitled to any relief whatsoever.

41. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

42. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

43. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

44. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

45. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

46. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

47. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

## COUNT I

**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

48. Realogy repeats and reasserts its responses to each of the preceding paragraphs 1-47 as if fully set forth herein.

49. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

50. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

51. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

52. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

53. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

54. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

55. This paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies this paragraph on that basis.

56. Denied. Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

57. Denied.

58. Denied.

## COUNT II
### Failure to Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

59. Realogy repeats and reasserts its responses to each of the preceding paragraphs 1-58 as if fully set forth herein.

60. Denied. Realogy denies that it failed to follow the FCRA. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

61. Denied. Realogy denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

62. Denied. Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

63. Denied. Realogy denies that it failed to follow the FCRA. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

64. Denied. Realogy denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

65. Denied. Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

66. Denied. Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

67. Denied. Realogy denies that it failed to follow the FCRA, and also denies that Plaintiff has pled any valid injury in this case. The remaining portion of this paragraph contains legal conclusions to which Realogy is not required to respond and therefore Realogy denies the remaining portion of this paragraph on that basis.

68. Denied.

69. Denied.

WHEREFORE, Realogy respectfully requests that judgment be entered in its favor and against Bryant as to all claims contained in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Realogy further asserts the following affirmative and other defenses. By asserting these defenses, Realogy does not concede that it has the burden of production or proof as to any defense asserted below. Realogy does not presently know all the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. To the extent that a class is later certified in this action, each of the following defenses are asserted against each member of the class to the extent applicable. Realogy reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative or other defenses.

1. Plaintiff's Complaint fails to set forth a claim upon which relief may be granted.

2. Realogy alleges that Plaintiff's claims are barred by operation of the applicable statute of limitations, 15 U.S.C. § 1681p, or, in the alternative, the doctrine of laches, or by both, to the extent that Plaintiff was aware of the facts on which her claims are based more than two

years prior to the filing of the Complaint. Plaintiff's claims are also barred, in whole or in part, to the extent Plaintiff took no action to file suit or otherwise alert Realogy of the alleged violations of the law that now form the basis of her Complaint.

3. Realogy alleges that the statutory damages that Plaintiff seeks would be disproportionate to the harm alleged or suffered by Plaintiff (or the putative classes) and would be unconstitutionally excessive and/or an excessive fine.

4. Realogy alleges that Plaintiff's claims, including her request for statutory and punitive damages, are barred, in whole or in part, because, at all material times, Realogy acted reasonably, in good faith and without malice or reckless disregard, based upon all relevant facts and circumstances known by Realogy at the time, and Realogy did not at any time willfully fail to comply with the FCRA or any other law. Realogy acted at all times in an objectively reasonable manner.

5. Realogy alleges that both Plaintiff's substantive claims and her claim for damages, which seek to recover statutory and punitive damages, violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and the corresponding provisions of Florida law. Realogy alleges that 15 U.S.C. § 1681n is unconstitutionally vague and ambiguous and unjustifiably arbitrary.

6. Realogy alleges that Plaintiff's claims for statutory and punitive damages are barred, in whole or in part, because Plaintiff and the putative class members incurred no actual damages and did not sustain any actual harm.

7. Realogy alleges that Plaintiff's claims are barred, in whole or in part, because reports received concerning Plaintiff and/or putative class members were not "consumer reports," or fell within one or more of the statutory exceptions to the definition of "consumer

report" found in the FCRA (*see, e.g.,* 15 U.S.C. § 1681a(y); *Lamson v. EMS Energy Mktg. Serv.*, 868 F. Supp. 2d 804, 818 (E.D. Wis. 2012)).

8. Realogy alleges that all of Plaintiff's claims on behalf of absent putative class members fail because Plaintiff cannot meet her burden of demonstrating that each requirement of Federal Rule of Civil Procedure 23, including but not limited to ascertainability, adequacy, typicality, commonality, predominance, and superiority, is met here, and because certifying a class in the circumstances of this case would violate Realogy's rights to due process under the law.

9. Realogy alleges that Plaintiff's claims are barred, in whole or in part, to the extent that personal jurisdiction is lacking for Plaintiff's claims against Realogy. If a class is certified that included individuals residing in states other than the forum state, Realogy alleges that the Court lacks personal jurisdiction over Realogy with respect to all of said individuals.

10. Realogy alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to read the disclosures thoroughly or at all.

11. Realogy alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff received multiple disclosures and at least one of them complied with the FCRA.

12. Realogy alleges that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff received one or more disclosures that substantially complied with the FCRA.

13. Realogy alleges that Plaintiff's claims are barred, in whole or in part, because Realogy did not adopt a reading of the FCRA that risked any violation of the FCRA, let alone an unjustifiably high risk of doing so.

14. Realogy alleges that Plaintiff's claims are barred, in whole or in part, because Realogy relied in good faith on the advice of counsel.

15. Realogy alleges that Plaintiff's claims are barred, in whole or in part, because notwithstanding Realogy's alleged non-compliance, Plaintiff otherwise was aware of her purported statutory rights.

16. Realogy alleges that it has complied with the FCRA in the handling of Plaintiff's consumer report and/or investigative consumer report and is, therefore, entitled to each and every defense stated in and available under the FCRA and to all limitations of liability.

17. Realogy alleges that it maintained reasonable procedures to comply with applicable law at all times relevant to Plaintiff's Complaint.

18. Realogy alleges that adjudication of this action on a class-wide basis, as applied to the facts and circumstances of this case, would constitute a denial of Realogy's rights to trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution. *See, e.g., Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011).

19. Realogy alleges that it has not yet had an opportunity to fully investigate Plaintiff's claims and reserves the right to amend its Answer to add additional affirmative defenses that may later be determined to be applicable.

WHEREFORE, Realogy respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice in its entirety, order that no class may be certified, and award Realogy its fees and costs incurred in the defense of Plaintiff's Complaint as well as all other legal and equitable relief to which Realogy may be entitled.

    /s/ Nancy A. Johnson
Nancy A. Johnson
LITTLER MENDELSON, P.C.
111 North Magnolia Ave., Suite 1250
Orlando, FL 32801
407.393.2900 (t)
407.393.2929 (f)
najohnson@littler.com

Dated: October 18, 2018

*Attorneys for Defendant*
*Realogy Group LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October 2018, a true and correct copy of the foregoing is being sent via email to:

Marc R. Edelman
Morgan & Morgan, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
MEdelman@forthepeople.com

/s/ Nancy A. Johnson
Nancy A. Johnson
LITTLER MENDELSON, P.C.
111 North Magnolia Ave., Suite 1250
Orlando, FL 32801
407.393.2900 (f)
407.393.2929 (f)
najohnson@littler.com