UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANITA BRYANT, on behalf of herself and
all others similarly situated,

       Plaintiffs,

       vs.

REALOGY GROUP LLC,

       Defendant.
_____/

Case No.: 8:18-cv-02572-EAK-CPT

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT AND NOTICE TO SETTLEMENT CLASS**

Plaintiff, Anita Bryant ("Plaintiff"), on her own behalf and all similarly situated individuals, pursuant to Federal Rule of Civil Procedure 23, files Plaintiff's Motion for Preliminary Approval of Settlement and Notice to Settlement Class, and states as follows:

### I.    NATURE AND STAGE OF PROCEEDING

**A.    The Litigation**

The Class Representative alleges in her Class Complaint (the "Complaint") that Defendant violated 15 U.S.C. § 1681b(b)(2)(A) of the FCRA by failing to: 1) disclose to the Class Representative and other of its employees, former employees, and/or prospective employees (in a document consisting solely of the disclosure) that it was going to obtain a consumer report for employment purposes prior to obtaining a copy of the actual report; and, 2) as a result, obtain the proper authorization under the FCRA to obtain those consumer reports (collectively, the "FCRA Claims"). More particularly, the Class Representative alleges that the FCRA disclosure form and purported authorization utilized by Defendant to obtain consumer reports for employment purposes did not comply with the requirements set forth in 15 U.S.C §§ 1681b(b)(2)(a)(i)-(ii).

Plaintiff and Defendant have been litigating this action since September 18, 2018. (Dkt. 1).

On November 26, 2018 the Plaintiff and Defendant jointly moved the Court to stay proceedings pending resolution of Defendant's anticipated Motion to Transfer Venue. (Dkt. 11). On November 30, 2018 Defendant moved to transfer venue to the United States District Court for the District of New Jersey. (Dkt. 12). Plaintiff filed her response, which was followed by additional briefing from both sides. (Dkt. 19, 22, 23). With Defendant's Motion to Transfer pending, the parties agreed to explore the possibility of resolution through mediation. (Dkt. 93). Leading up to the mediation, the parties exchanged discovery and other pertinent information pertaining to the case.

**B.     Mediation And Stipulation of Settlement**

The parties engaged Hunter Hughes III, Esq. to mediate the action. On June 6, 2019 the parties traveled to Atlanta and engaged in a full day and often contentious mediation. By the end of the day, the parties reached an agreement in principal, thereby resolving the claims of 8,154 affected consumers. Subsequently, the parties negotiated the finer points of the settlement, memorialized in the Joint Stipulation of Class Settlement attached to this motion as Exhibit "A" ("Stipulation of Settlement"). The Stipulation of Settlement, subject to Court approval, provides for settlement under the following key terms:

- Certfication, for settlement purposes, of a class consisting of all employees and job applicants of Defendant in the United States who were the subject of a consumer report that was procured by Defendant for employment purposes from September 18, 2016 through June 6, 2019 ("Settlement Class") - a class of approximately 8,154 people;

- Defendant agrees to establish a gross Settlement Fund in the amount of $407,700.00. Class Members shal have forty five (45) days to submit claims. Any unclaimed funds from the Net Settlement Fund and any uncashed settlement compensation after the expiration of the 30-day period for negotiating checks used to distribute the Net Settlement Fund shall automatically revert back to Defendant.

- Every Settlement Class Member who timely submits a proper Claim Form will receive an award estimated to be $50.00;

- Payment from the Settlement Fund of an attorneys' fees award not to exceed $135,700.00, if approved by the Court, plus reimbursement from the Settlement Fund for litigation-related costs and expenses;

- Payment from the Settlement Fund of a service award to the named plaintiff approved by the Court, not to exceed $5,000.00; and

- Notice and Administration by a Settlement Administrator deducted from the Settlement Fund not to exceed $25,000.00.

## II.     STATEMENT OF ISSUES

The issues before the Court are (a) whether to approve the Stipulation of Settlement on a preliminary basis, and (b) whether to approve the Notice of Proposed Class Action Settlement for distribution to members of Class.

## III.     THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED

### A.     The Law Governing Preliminary Approval

The Eleventh Circuit has recognized that "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re United States Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992); *see also Gevaerts v. TD Bank, N.A.*, 2015 WL 6751061, at *4 (S.D. Fla. Nov. 5, 2015) ("Federal courts have long recognized a strong policy and presumption in favor of class action settlements."). Settlement "has special importance in class actions with their notable uncertainty, difficulties of proof, and length. Settlements of complex cases contribute greatly to the efficient utilization of scarce judicial resources, and achieve the speedy resolution of justice...." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 538 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990) (citations omitted). As a general matter, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." 4 Alba Conte & Herbert Newberg, Newberg on Class Actions §11.50, at 155 (4th ed. 2002).

"'At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness.' 4 Newberg on Class Actions § 11.26 (4th ed. 2010). 'Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of

reason.' *Smith v. Wm. Wrigley Jr. Co.,* 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010)."

*Almanzar v. Select Portfolio Servicing, Inc.*, 2015 WL 10857401, at *1 (S.D. Fla. Oct. 15, 2015).

This Court has set forth the following process for preliminary approval of a class action settlement:

> Rule 23(e), Federal Rules of Civil Procedure, permits approval of a class action settlement if the settlement is "fair, reasonable, and adequate." *See Strube v. Am. Equity Inv. Life Ins. Co.,* 226 F.R.D. 688, 697 (M.D.Fla.2005) (Fawsett, J.). Approval is generally a two-step process in which a "preliminary determination on the fairness, reasonableness, and adequacy of the proposed settlement terms" is reached. *See* DAVID F. HERR, ANNOTATED MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed.2008). The factors considered are (1) the influence of fraud or collusion on the parties' reaching a settlement, (2) "the likelihood of success at trial," (3) "the range of possible recovery," (4) "the complexity, expense[,] and duration of litigation," (5) "the substance and amount of opposition to the settlement," and (6) "the stage of proceedings at which the settlement was achieved." *Bennet v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir.1984).

*Holman v. Student Loan Xpress, Inc.*, 2009 WL 4015573, at *4 (M.D. Fla. Nov. 19, 2009) (Merryday, J.).

The fact that the parties agreed to a "claims-made" settlement and full reversion to defendant does not render its terms unreasonable. *See, e.g., Saccoccio,* 297 F.R.D. at 696 (overruling objections to claims-made process because "[t]here is nothing inherently suspect about requiring class members to submit claim forms in order to receive payment.") (citing to *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 593 (N.D. Ill. 2011)); *Casey v. Citibank*, No. 12-cv-820 (N.D.N.Y.) (D.E. 222 at ¶ 6) (approving virtually identical claims- made settlement and finding that regardless of the take rate, "[t]he settlement confers substantial benefits upon the Settlement Class members, is in the public interest, and will provide the parties with repose from litigation."); *Williams v. MGM-Pathe Commc'ns Co.,* 129 F.3d 1026, 1027 (9th Cir. 1997) (discussing claims-made settlement and affirming contingency fee award based on total possible recovery); *Shames v. Hertz Corp.*, 07-cv-2174, 2012 WL 5392159 (S.D. Cal. Nov. 5, 2012) (approving claims-made settlement over objections because "there is nothing inherently objectionable with a claims-submission process, as class action settlements often include this process, and courts routinely approve claims-made

settlements") (citations omitted); *Lemus v. H & R Block Enters. LLC,* No. 09-cv-3179, 2012 WL 3638550 (N.D. Cal. Aug. 22, 2012) (approving claims-made settlement where unclaimed funds reverted to the defendants); *Atkinson v. Wal-Mart Stores, Inc.*, No. 08-cv-691-T-30TBM, 2011 WL 6846747, at *5 (M.D. Fla. Dec. 29, 2011) (approving claims-made settlement with full reversion).

### 1. The Settlement Is Not the Product of Fraud or Collusion.

In assessing this factor, courts must presume that no fraud or collusion occurred unless there is evidence to the contrary. *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 287 (W.D. Tex. 2007). There is no evidence of fraud or collusion here. The proposed settlement in the Stipulation of Settlement resulted from arm's length negotiations between Plaintiff and Defendant conducted by capable, experienced attorneys and with the assistance of a seasoned and respected mediator, Mr. Hunter R. Hughes. "Where the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion." *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 692 (S.D. Fla. 2014). Courts have consistently held that the presence of an independent mediator negates any suggestion of fraud or collusion. *See, e.g., Montoya v. PNC Bank, N.A.*, 2016 WL 1529902, at *8 (S.D. Fla. Apr. 13, 2016) (use of mediator indicates there is "no suggestion of fraud or collusion"); *Hall v. Bank of Am., N.A.,* 2014 WL 7184039, at *6 (S.D. Fla. Dec. 17, 2014). There was no fraud or collusion in reaching the Settlement. During this process, the Parties thoroughly evaluated their claims and defenses in order to negotiate what they believe is the most optimal settlement on behalf of the settlement class.

The absence of fraud and collusion is evidenced by a settlement reached after months of litigating and a very lengthy mediation session. Additionally, there is no evidence that Plaintiff sacrificed the interests of the Settlement Class for her own financial gain. Under the Stipulation of Settlement, Plaintiff will receive the same settlement payment as the other members of the Settlement Class. For her efforts on behalf of the class, she only requests a modest service award of $5,000.00.

The proposed settlement reached by Plaintiff and Defendant resulted from concessions and

compromise by the parties. The Stipulation of Settlement is a product of the functioning adversarial and negotiations processes, not fraud or collusion. Accordingly, the first factor supports approval of the settlement.

> 2. **Litigating this Case Through Trial Would Be Complex, Expensive, and Time-Consuming.**

Future litigation costs, including potential interlocutory appeals, cannot be predicted with certainty. However, there is no doubt if the litigation is to continue, Plaintiff and Defendant will vigorously advocate for their respective positions on various legal and factual issues, leading to significant motion practice and likely trial. Consequently, the parties will incur significant expenses for certification and likely appeal of the certification of the class, if the class is certified. Trial and a potential of post-trial appeals further increases the costs and prolongs resolution.

Absent settlement, the resolution of factual issues relevant to each class member's claims would result in protracted litigation. The proposed settlement will save considerable time and resources that would otherwise be spent litigating disputes resolved by the proposed settlement. Thus, this factor weighs in favor of approving the settlement proposed in the Stipulation of Settlement. *See Bennett,* 737 F.2d at 986 ("In addition, our judgment is informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement."); *Ayers v. Thompson*, 358 F.3d 356, 2369 (5th Cir. 2004) (holding that settlement would avoid risks and burdens of potentially protracted litigation weighed in favor of approving settlement).

> 3. **Settlement Class Counsel Has Documents and Other Information to Realistically Value the Claims.**

The parties possess "ample information with which to evaluate the merits of the competing positions." *Ayers*, 358 F.3d at 369. Specifically, Plaintiff has obtained sufficient discovery from Defendant to allow a well-informed and comprehensive settlement of the Class. Plaintiff and Defendant have reviewed Defendant's records and discovery responses for the relevant time period and determined that the Class consists of approximately 8,154 individuals, including Plaintiff.

Defendant also identified and produced copies of the documents, policies, and procedures that pertain to the allegations in the Complaint.

In addition to the discovery described above, the parties have extensively analyzed legal authorities regarding FCRA claims on a nationwide basis. Counsel for the parties have discussed their claims and defenses with each other.

As such, the parties believe that they have sufficient information to reach a fair, reasonable, and adequate settlement. The Stipulation of Settlement was negotiated based on the parties' realistic, independent assessments of the merits of the claims and defenses in this case and should be approved.

### 4. Ultimate Success on the Merits of the Claims Is Uncertain Given the Risks of Litigation.

When evaluating a proposed class action settlement, the court must balance the benefits of a certain and immediate recovery through settlement against the inherent risks of litigation. *See Bennett,* 737 F.2d at 986*; Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). Here, recovery under the Stipulation of Settlement is favorable for the 8,154 Class members given the general uncertainty surrounding all litigation and the risks specific to this case.

If this litigation proceeds, Defendant intends to continue to vigorously defend the claims, and Plaintiff and the Settlement Class will face legal challenges by Defendant, including challenges to merits of their claims, certification, and an appeal on class certification, if a class is certified. Any one of these challenges could significantly prolong the litigation at considerable expense to the parties and potentially result in no recovery for the class members. Each of these phases of litigation presents uncertainty and risks, which the settlement allows the parties to avoid.

Without this settlement, in order for members of the settlement class to recover any statutory damages under the FCRA, they must not only prove that Defendant failed to comply with the disclosure and authorization provisions, but also that Defendant did so willfully. *See* 15 U.S.C. §

1681n(a). Although Plaintiff contends that the violations were willful, Defendant will contest the question of willfulness if the lawsuit is further litigated. *See, e.g., Schoebel v. Am. Integrity Ins. Co.*, 2015 WL 3407895, at *7 (M.D. Fla. May 27, 2015) (dismissing FCRA stand-alone disclosure case seeking statutory damages because alleged violation was not willful); *See also, Lewis v. Southwest Airlines Co.*, 2018 U.S. Dist. LEXIS 5576 (N.D. Tex. Jan. 11, 2018)(summary judgment for defendant on issue of wilfullness). And, absent the settlement, certification under the current class definition is not certain. Although Defendant denies liability and has asserted affirmative defenses to the claims, Defendant nevertheless recognizes, as Plaintiff does, the risks inherent in proceeding to trial.

A negotiated settlement that provides immediate relief is preferable to protracted litigation and an uncertain result in the future. Weighed against the risks associated with litigation, the proposed settlement is fair, reasonable, and adequate.

## 5. The Settlement Is Fair in Light of the Possible Range of Recovery and Certainty of Damages.

The Stipulation of Settlement should be approved because the proposed settlement compares favorably to the limited range of damages available under the FCRA that could potentially be recovered at trial. In her Complaint, Plaintiff seeks to recover compensation under 15 U.S.C. §§ 1681n(a)(1)(A), (2), and (3) for herself and the other class members consisting of (a) statutory damages of not less than $100 and not more than $1,000; (b) punitive damages, (c) attorney's fees and costs.[1] However, as § 1681n(a) of the FCRA indicates, proof of noncompliance with the technical requirements of the FCRA alone does not impose liability on a defendant. Recovery of damages under § 1681n(a) is contingent on establishing that the defendant willfully failed to comply

---

[1] § 1681(n)(a) of the FCRA states that a person who willfully fails to comply with any requirement under 15 U.S.C. § 1681 *et seq.* regarding a consumer is liable to the consumer in an amount equal to the sum (a) "any actual damages sustained by the consumer as a result of the failure <u>or</u> damages of not less than $100 and not more than $1,000;" (b) punitive damages in such amount as the court may allow; and (c) the costs of an action, if successful, to enforce liability under this Section plus reasonable attorneys' fees as determined by the court. 15 U.S.C. § 1681n(a)(1)(A), (2)-(3) (emphasis added).

with the FCRA; negligent noncompliance is not sufficient. *Safeco v. Burr*, 127 S. Ct. 2201, 2215 (2007); 15 U.S.C. § 1681n(a). And, even if liability for willful noncompliance is established as Plaintiff believes, the determination as to the size of the award is left to the discretion of the jury, which may return an award of no damages as a possible outcome.

The settlement proposed in the Stipulation of Settlement secures a monetary payment estimated to be $50.00 to each Settlement Class Member who timely submits a proper Claim Form.[2] Even if the settlement class established liability against Defendant for willful violations of the pertinent provisions of the FCRA, a real risk exists that the class members could recover less after successfully litigating their claims through trial than the payment negotiated by the parties in the Stipulation of Settlement.

Class Counsel believes the $50.00 individualized Settlement Payment to each Settlement Class Member is a very good settlement, providing for a higher award than other recently approved FCRA settlements. The district court in *Hillson v. Kelly Services Inc.*, summarized the results of such settlements as follows:

> The results counsel achieved for the class were good. The gross recovery (i.e., recovery before fees and other expenses are taken from the fund) is $30 per class member (on average). This appears to be in line with the average per-class-member gross recovery in other settlements of stand-alone disclosure claims. *See Moore v. Aerotek, Inc.*, No. 2:15-CV-2701, 2017 WL 2838148, at *4 (S.D. Ohio June 30, 2017) (per-capita gross recovery of $25 in case involving a stand-alone disclosure claim and a claim that employer did not provide a copy of consumer report), *report and recommendation adopted*, 2017 WL 3142403 (S.D. Ohio July 25, 2017); *Lagos v. Leland Stanford Junior Univ.*, No. 15-CV-04524-KAW, 2017 WL 1113302, at *2 n.1 (N.D. Cal. Mar. 24, 2017) (per-capita gross recovery of $26); *Lengel v. HomeAdvisor, Inc.*, No. CV 15-2198, 2017 WL 364582, at *9 (D. Kan. Jan. 25, 2017) (citing FCRA disclosure cases with per-capita gross recoveries of $33, $40, and $44).

2017 WL 3446596, at *3 (E.D. Mich. Aug. 11, 2017); *See, e.g.*, *Marcum v. Dolgencorp, Inc.*; No. 3:12-cv-00108 (E.D. Va. 2014) ($53 gross payment per class member reduced by attorneys' fees

---

[2] The precise amount of the award is not known at this time. However, the Parties estimate that the final Settlement Payment to each Settlement Class Member will be $50.00. The awards are only subject to reduction if the number of claims multiplied by $50.00 exceeds the amount of the Net Settlement Fund.

and service awards paid from class settlement fund); *Knights v. Publix Super Markets, Inc.*; No. 3:14-cv-006720 (M.D. Tenn. 2014) ($48.55 paid to each class member); *Pitt v. Kmart Corp.*, No. 3:11-cv-00697 (E.D. Va. 2013) ($18 or $38 received by class members depending on date of FCRA violation).

The settlement proposed in the Stipulation of Settlement falls within the reasonable range of possible recovery for members of the settlement classes. "A proposed settlement need not obtain the largest conceivable recovery for the class to be worthy of approval; it must simply be fair and adequate considering all the relevant circumstances." *Klein v. O'Neal, Inc.*, 705 F. Supp. 2d 632, 649 (N.D. Tex. 2010). Balancing the risk that liability cannot be established against Defendant for willful violations of the disclosure and authorization provisions of the FCRA against the range of possible recovery of damages supports settlement.

**6.    Settlement Class Counsel and the Parties Support the Settlement.**

As evidenced by the Stipulation itself and the fact this motion is unopposed, the terms of the settlement as proposed have the obvious support of Plaintiff, Settlement Class Counsel, and Defendant. Plaintiff and Defendant believe, based on their independent assessments, that settlement is in their respective best interest. Plaintiff and Settlement Class Counsel have likewise concluded that the proposed settlement is in the best interest of the Class.

Furthermore, the parties anticipate that the settlement will receive broad support from putative class members, especially considering that each individual member will receive a settlement check that is reasonable and consistent in the context of class action litigation. Even if applicants in the settlement class were able to overcome the difficulties of financing and finding legal counsel to pursue their relatively small individual claims, few members of the settlement classes are likely to be inclined toward pursuing their individual claims.

Therefore, it is unlikely that settlement class members will oppose releasing their pertinent FCRA claims that in reasonable probability they never intended to bring, or were unaware to have

possessed. Even if any putative class member does not agree with the terms of the proposed settlement, he or she is protected by the right to opt out of the proposed class settlement and retain his or her individual FCRA claims against Defendant rather than participating in the settlement.

The Parties believe that the Stipulation of Settlement represents a fair, reasonable, and adequate settlement. Consequently, the support of Plaintiff, Settlement Class Counsel, the putative class members of each settlement class, and Defendant weighs in favor of approving the settlement.

**B.      The Proposed Class Should be Certified for Settlement Purposes.**

Courts in the Middle District of Florida and elsewhere have previously certified class action lawsuits alleging similar violations of 15 U.S.C. § 1681b(b)(2)(A)(i)-(ii). *See, e.g., Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-CV-1324-T-30AAS, 2017 WL 2799928, at *2 (M.D. Fla. June 28, 2017)(Moody, J.); *Coles v. Stateserv Medical of Florida, LLC et al,* No. 8:17-cv-829-T-17-AEP, (M.D. Fla. April 10, 2017) (D.E.. 45); *Fosbrink v. Area Wide Protective, Inc.,* 8:17-cv-01154-JSM-CPT, (M.D.Fla., May 8, 2018,)(Moody, J.)(D.E. 58). "A class may be certified 'solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue.'" *Holman*, 2009 WL 4015573, at *2 (quoting *Borcea v. Carnival Corp.,* 238 F.R.D. 664, 671 (S.D. Fla. 2006); internal punctuation omitted). The proposed Settlement Class here meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

Rule 23(a) imposes four requirements for the certification of any class. First, the class must be so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). That requirement is easily satisfied here as Defendant concedes that there are approximately 198 Settlement Class Members. *See, e.g., Holman*, 2009 WL 4015573, at *2. Moreover, the identities of the Settlement Class Members (who are job applicants) can be ascertained from records available to Defendant.

Second, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Even a single common issue may suffice. *See, e.g., Williams v. Mohawk Indus., Inc.,* 568

11

F.3d 1350, 1355 (11th Cir. 2009) ("[C]ommonality requires that there be at least one issue whose resolution will affect all or a significant number of the putative class members.") (internal quotation marks omitted). Under Plaintiff's theory of recovery, that requirement is met by the common questions of (1) whether including **any** material in a disclosure form beyond the mere fact that a prospective employer will obtain a consumer report violates the FCRA and (2) whether Defendant willfully violated the FCRA.

Rule 23(a)(3) imposes a "typicality" requirement, which "is satisfied by showing the existence of 'a sufficient nexus ... between the claims of the named representative and those of the class at large.'" *Holman*, 2009 WL 4015573, at *2 (*quoting Hines v. Widnall,* 334 F.3d 1253, 1256 (11th Cir. 2003)). That requirement is met here because the claims of the named Plaintiffs and those of the Settlement Class Members all stem from the same basic facts and legal theory—they were the subject of a background check obtained through what Plaintiffs contend is a disclosure form that fails to satisfy the FCRA's stand-alone disclosure requirement. *See, e.g., Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"). Further, Plaintiffs seek the same relief on their own behalf and on behalf of each Settlement Class member, *i.e.*, statutory damages available under the FCRA.

The final 23(a) requirement is "adequacy," which is met if (1) "'plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation'" and (2) the plaintiffs lack "'interests antagonistic to those of the rest of the class.'"" *Holman*, 2009 WL 4015573, at *2 (quoting *Kirkpatrick v. J.C. Bradford & Co.,* 827 F.2d 718, 726 (11th Cir. 1987)). Both of those things are true here. Plaintiffs' counsel and their firm are experienced in class action litigation and, specifically, in litigating claims under the FCRA. *See* Ex. "3" (Declaration of Marc Edelman). Plaintiffs have no interests antagonistic to those of the Settlement Class.

In addition to Rule 23(a), a class must satisfy the requirements of one of the types of class actions authorized by Rule 23(b). Here, the Settlement Class meets the requirements of Rule 23(b)(3). The common questions identified above predominate over any individual questions that might be identified. Fed. R. Civ. P. 23(b)(3) (court must find that "the questions of law or fact common to class members predominate over any questions affecting only individual class members"). Whether a disclosure form that includes any material beyond the mere fact that a prospective employer will obtain a consumer report violates the FCRA is an over-arching common issue that is critical to determining liability.

Further, in the context of this Settlement, there is no question that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.* "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Administration of a single, comprehensive Settlement would be superior to multiple individual lawsuits asserting the same claims.

**C.  Plaintiff's Counsel Should be Appointed as Class Counsel and Plaintiff Appointed as Class Representative.**

Plaintiff's counsel initially identified, investigated and asserted the claims of Plaintiff and the Settlement Class, and, as set forth above, continued to prosecute and investigate those claims throughout the discovery period. *See* Fed. R. Civ. P. 23(g)(1) (directing court appointing class counsel to consider "work counsel has done in identifying or investigating potential claims in the action"). As set forth in Exhibit "B" hereto, the Declaration of Marc Edelman, Plaintiff's counsel has "experience in handling class actions" and "other complex litigation," including "the types of claims asserted in [this] action." *Id.* In fact, Plaintiff's Counsel has been approved as class counsel in several Rule 23 FCRA class actions alleging violations of 15 U.S.C. § 1681b(b)(2). *See, e.g.,*

*Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-CV-1324-T-30AAS, 2017 WL 2799928, at *2 (M.D. Fla. June 28, 2017)(Moody, J.); *Coles v. Stateserv Medical of Florida, LLC et al,* No. 8:17-cv-829-T-17-AEP, (M.D. Fla. April 10, 2017) (D.E. 45); *Fosbrink v. Area Wide Protective, Inc.,* 8:17-cv-01154-JSM-CPT, (M.D.Fla., May 8, 2018,)(Moody, J.)(D.E. 58); *Musa v. SOS Security LLC*, No. 2:17-cv-05681-MCA-SCM (D.N.J, Newark Division, April 16, 2018)(D.E. 42). That experience and the research conducted in this case have provided counsel with "knowledge of the applicable law." *Id.* Further, "the resources that counsel" have "commit[ted] to representing the class" have been substantial, as evidenced by their work in this case. *Id.* In short, Plaintiff's Counsel has represented the Settlement Class well and will continue to do so.

The Named Plaintiff has represented the Settlement Class well. She has answered questions, gathered documents and provided valuable insight into Defendant's screening process. The Court should appoint the Named Plaintiff as Class Representative.

**D.      The Notice Of Class Action Settlement Should Be Approved Because The Form And Manner Of The Notice Satisfies The Requirements Of Rule 23 And Due Process.**

The Notice of Class Action Settlement to be mailed to the Settlement Class is appended to the Stipulation of Settlement as Exhibit "2." *See attached,* Exhibit "A," Stipulation of Settlement, Exhibit "2." The content of the proposed class notice and the method for notifying members of each settlement class satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and comport with due process. Additionally, a website will be posted containing additional information about the Settlement and a portal through which claims may be filed.

Under Rule 23(e)(1), when approving a class action settlement, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). In addition, for classes certified under Rule 23(b)(3), courts "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) also

14

sets out the required contents of the class notice. *Id.* The notifice provisions and notification procedures described in the Stipulation of Settlement comply with these Rules.

The proposed notice plan is reasonable and provides the best notice practicable to the respective settlement classes. Under the Stipulation of Settlement, the Notice of Proposed Class Action Settlement will be sent to each class member via first class mail to the last known addresses of class members based on information contained in Defendant's records or obtained by the third-party Settlement Administrator. *See* Exhibit "A," Stipulation of Settlement. Notice by mail is recognized as sufficient to provide due process to known affected persons as long as the notice is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *DeHoyos*, 240 F.R.D. at 296 (sending notice by mail is preferred when all or most class members can be identified). The Stipulation of Settlement also includes provisions to ensure that a reasonable effort is made to locate members whose notices are returned undelivered and to re-send the Notice of Proposed Class Action Settlement to these persons to the extent possible. *See* Exhibit "1," Stipulation of Settlement.

The content of the Notice of Proposed Class Action Settlement satisfies Rule 23(c)(2)(B) and due process requirements. "A settlement notice need only satisfy the broad reasonableness standards imposed by due process." *In re Katrina Canal Breaches Litigation,* 628 F.3d 185, 197 (5th Cir. 2010). Due process is satisfied if the notice provides class members with "information reasonably necessary for them to make a decision whether to object to the settlement." *Id.*

The Notice of Proposed Class Action Settlement is written in language that is easy to understand. The Notice informs members of the Class of the nature of the case, the definition of the settlement class, and the claims and defenses. The Notices of Proposed Class Action Settlement also contain information regarding the right to retain their own attorney, their right to request exclusion from the class, the time and manner for requesting exclusion, and the binding effect of the class judgment. *See* Exhibit "A," Stipulation of Settlement, Exhibit "2," Notice; *see also* Fed. R. Civ. P.

23(c)(2)(B). Because the Notice of Proposed Class Action Settlement communicates the essential terms of the proposed settlement in a manner that complies with Rule 23(c)(2)(B) and due process, the Court should approve its distribution to the respective settlement classes.

## IV. THE COURT SHOULD APPROVE A SCHEDULE AND PROCEDURES FOR A FAIRNESS HEARING, FILING CLAIMS, OPTING OUT, OBJECTING, AND FILING A MOTION FOR ATTORNEY'S FEES AND COSTS AND INCENTIVE AWARDS.

Plaintiff requests that, in conjunction with preliminarily approving the Settlement, the Court schedule a fairness hearing to determine whether to finally approve the Settlement. Plaintiff also requests that the Court approve the deadlines and procedures the Stipulation of Settlement provides for filing claims, opting out, objecting, and filing a motion for attorney's fees and costs, class settlement administration costs, and an incentive award for Plaintiff. Under the Stipulation of Settlement, the schedule would be as follows:

| | |
|---|---|
| Defendant provides Class List to Settlement Administrator | No later than 7 calendar days after Preliminary Approval Order is issued |
| Settlement Administrator establishes Settlement Website | No later than 7 calendar days after Preliminary Approval Order is issued |
| Settlement Administrator mails Notice ("Notice Date") | No later than 7 calendar days after Preliminary Approval Order is issued |
| Deadline for Motion for Attorney's Fees and Costs, Class Settlement Administration Costs, and Incentive Award for Plaintiff | 14 days before Fairness Hearing |
| Deadline for Objections | 30 days after Notice is mailed by Settlement Administrator |
| Deadline for Opt Outs (Exclusion Requests) | 30 days after Notice is mailed by Settlement Administrator |
| Deadline for Motion for Final Approval | 14 days before Fairness Hearing |
| Fairness Hearing | TBD by Court |
| Deadline for Filing Claim | 45 Days after Notice is mailed by Settlement Administrator |

The procedures for opting out, objecting and submitting claim forms are set forth in detail in Sections 30, 49, 51 and 52 of the Stipulation of Settlement, and the procedures for filing a motion for attorney's fees and costs, class settlement administration costs, and an incentive award are set forth in Sections 43 through 45.  Plaintiff respectfully requests that opt out and objection procedures be included in the Preliminary Approval Order.  *See Johnson*, 2017 WL 6060778, at \*\*2-3; *See also Almanzar*, 2015 WL 10857401, at \*\*4-5.  The Claim Form, which is attached as Exhibit "1" to the Stipulation of Settlement, requires only limited information (name, address, phone number, Claim Number) and a statement that the person submitting the form was in fact a job applicant included in the class definition.  In total, the claims process is relatively simple and requires only minimal effort relative to the award that can be obtained.

## V.   CONCLUSION

The Court should approve the Stipulation of Settlement on a preliminary basis because the proposed settlement is fair, reasonable, and adequate.  The Court should appoint Plaintiff's counsel as class counsel and Plaintiff as Class Representative.  Class counsel's attorneys' fees and costs are appropriate under Rule 23 for settlement purposes.  The Notice of Proposed Class Action Settlement should be approved for distribution to the Settlement Class because it meets the requirements of Rule 23 and due process.

WHEREFORE, Plaintiff, Anita Bryant, for herself and on behalf of all others similarly situated, moves the Court to approve Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and enter an Order of preliminary approval.

Dated this 4th day of October, 2019.

| /s/ *Marc R. Edelman* | /s/ *Nancy A. Johnson* |
|---|---|
| Marc Reed Edelman, Esquire | Nancy A. Johnson , Esquire |
| Florida Bar No.: 0096342 | Florida Bar No.: 597562 |
| MORGAN & MORGAN, P.A. | Littler Mendelson, P.C. |
| 201 N. Franklin Street, #700 | 111 North Magnolia Avenue, Suite 1250 |
| Tampa, FL 33602-5157 | Orlando, FL  32801 |

Telephone: 813-223-5505
Facsimile:  813-257-0572
medelman@forthepeople.com
*Attorney for Plaintiff*

407.393.2925 (t) / 407.386.8572 (f)
najohnson@littler.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of October, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served via regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

/s/ *Marc R. Edelman*
Marc Reed Edelman, Esquire