UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANITA BRYANT,

    Plaintiff,

v.                                                      Case No. 8:18-cv-2572-T-60CPT

REALOGY GROUP LLC,

    Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

    This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Christopher P. Tuite, entered on August 19, 2020. (Doc. 51). By the thorough and well-reasoned report and recommendation, Judge Tuite recommends that "Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law" (Doc. 42) be granted and the Settlement Agreement (Doc. 42-1) be approved. Judge Tuite further recommends that "Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Class Representative Service Award" (Doc. 43) be granted in part and denied in part. On September 2, 2020, Plaintiff and Defendant filed their "Joint Notice of Non-Objection to Magistrate Judge's Report and Recommendation." (Doc. 52).

    Under the Federal Magistrates Act, Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit

proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B).  After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).

In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).  However, the district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994) (table).  When no timely and specific objections are filed, case law indicates the district judge should review the magistrate judge's proposed findings and recommendations using a clearly erroneous standard.  *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993).

After careful consideration of the record, including Judge Tuite's report and recommendation, the Court adopts the report and recommendation.  The Court agrees with Judge Tuite's detailed and well-reasoned factual findings and legal conclusions, including that the purported class meets all of the Rule 23(a) prerequisites and satisfies Rule 23(b)(3); that the notice to the class was reasonable and the best notice practicable under the circumstances; and that the Settlement Agreement is fair, reasonable, and adequate.  The Court also agrees with Judge

Tuite that an award of $135,900 (or 33%) of the Settlement Fund for attorneys' fees is reasonable under the circumstances of this case, and that class counsel is entitled to some, but not all, of his claimed expenses. Specifically, the Court finds that class counsel is entitled to costs in the amount of $7,785.60, to be paid from the Settlement Fund. The Court additionally agrees that an incentive award of $5,000 to Ms. Bryant as the Representative Plaintiff is reasonable, consistent with the incentive awards approved in other class actions in this district, and adequately recognizes her efforts to obtain recovery for the Settlement Class.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Judge Tuite's Report and Recommendation (Doc. 51) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

2. "Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and Incorporated Memorandum of Law" (Doc. 42) is hereby **GRANTED**. The class is certified for settlement purposes, and the Settlement Agreement (Doc. 42-1) is **APPROVED** as fair, reasonable, and adequate.

3. "Plaintiff's Unopposed Motion for Attorneys' Fees and Costs and Class Representative Service Award" (Doc. 43) is hereby **GRANTED IN PART** and **DENIED IN PART**.

4. Class Counsel is awarded $135,900 in reasonable attorney's fees and $7,785.60, to be paid from the Settlement Fund.

5. Named Plaintiff, Anita Bryant, is awarded a service award of $5,000.

6. The parties are directed to comply with the terms of the Settlement Agreement.

7. On or before September 25, 2020, the parties shall submit a proposed stipulated form of final judgment or stipulation of dismissal.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of September, 2020.

*/s/ Tom Barber*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**